IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GREGORY GILLILAN, | : | |
| Plaintiff | : | |
| vs. | : | |
| Prison Guard LAKISHA CUMMINGS, | : | NO. 5:11-CV-359 (MTT) |
| Defendant | : | **O R D E R** |

Plaintiff **GREGORY GILLILAN**, presently an inmate at Wheeler Correctional Facility in Alamo, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Parties instituting non-habeas civil actions are required to pay a filing fee of $350.00, unless they qualify for *in forma pauperis* status. 28 U.S.C. §§ 1914(a), 1915. Because Plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Plaintiff sues Wheeler Correctional Facility prison guard LaKisha Cummings because Cummings committed perjury, interfered with Plaintiff's medical needs, and endangered Plaintiff's life. Plaintiff makes no specific allegations as to how Cummings endangered his life.

Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, a prisoner may not bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated
> or detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may

> be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

A review of court records reveals that Plaintiff has filed more than 162 civil actions in the United States District Courts, and at least 11 of those complaints or resulting appeals have been dismissed as frivolous, malicious, or failing to state a claim. **See Gillilan v. Davis**, 5:11-cv-208 (MTT) (M.D. Ga. May 31, 2011) (listing cases). Plaintiff's allegations clearly do not satisfy the "imminent danger of serious physical injury" exception.  Plaintiff's motion to proceed *in forma pauperis* is therefore **DENIED**.

Additionally, venue in this district is improper.  The venue provision of 28 U.S.C. § 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may ... be brought only in (1) a judicial
> district where any defendant resides, if all defendants reside
> in the same state, [or] (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the
> claim occurred....

28 U.S.C. § 1391(b).

The Defendant appears to be located, and all of the events alleged in the complaint occurred, in Wheeler County, which is situated in the Southern District of Georgia.  28 U.S.C. § 90(c)(2). Therefore, the Southern District of Georgia is the proper venue for this cause of action, not the Middle District.

Title 28 U.S.C. § 1406(a) provides that a district court may transfer a case to another court  where it might have been properly filed.  However, the court should

transfer the case only if doing so is in the interest of justice.  A transfer of this case would not be in the interests of justice because Plaintiff has more than three strikes and has failed to allege sufficient facts to indicate that he is in "imminent danger of serious physical injury."

In light of the foregoing, the instant action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 14th day of September, 2011.


s/ Marc T.Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT


cr